CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 3 1 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| STEVEN J. CONRAD, ) | |
| ) | Civil Action No. 5:10cv00047 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| FARMERS AND MERCHANTS BANK, ) | |
| ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

This is an action by plaintiff, Steven J. Conrad ("Conrad"), against defendant, Farmers and Merchants Bank ("FMB") pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), seeking a declaratory judgment that he is entitled to rescind a mortgage loan refinancing agreement years after the loan closed. Conrad alleges that he has a statutory right of rescission because FMB violated TILA's disclosure requirements in two ways: (1) it obtained Conrad's signature on a postdated right of rescission disclosure form, and (2) it failed to specify the date on which Conrad's final loan payment was due.[1] The matter is before the court on FMB's motion to dismiss on the ground that Conrad's complaint fails to state a plausible claim for rescission. The court finds that the first alleged violation states a plausible claim for rescission, but not the second. Accordingly, the court grants FMB's motion in part and denies it in part.

I.

Conrad and his wife ("the Conrads") own a personal residence in Broadway, Virginia that was initially secured by two deeds of trust in favor of FMB. On November 8, 2007, the Conrads

---

[1] Conrad has also asserted claims of conversion and fraud against FMB. FMB has moved to dismiss these claims but, pursuant to an agreement by the parties, has not brought that motion on for a hearing. The court will deny that motion without prejudice to its future consideration should FMB raise it in a timely manner.

entered into a refinancing credit transaction with FMB which the parties agree is subject to TILA.[2] As a part of the transaction the Conrads signed a $139,000 promissory note secured by a deed of trust that was to replace the two previous deeds of trust. The note called for the Conrads to pay FMB the principal amount of the loan plus interest over 360 payments commencing December 8, 2007. (Jt. Stip., Ex. B.) One of FMB's Mortgage Loan Disclosure forms disclosed 359 monthly payments in the amount of $938.19 "beginning [one] month from the date of closing[,]" and one payment in the amount of $947.06 due "[a]t maturity or until paid in full[.]" (Jt. Stip., Ex. A.)

At the loan closing on November 8, 2007, FMB provided the Conrads with another disclosure form, a right of rescission disclosure form, informing the Conrads of their right to cancel or rescind the transaction within three business days.[3] The form had two lines for the

---

[2] The refinancing loan was entered into by Steven Conrad and his wife Lora Conrad. Only Steven Conrad has asserted the right to rescind. Conrad's current marital status is unclear to the court.

[3] The bottom portion of the notice of the right of rescission form, with the information filled in by the Conrads enclosed in brackets, is reproduced here.

**Receipt**
*Each of the undersigned acknowledges receipt of* **2** copies *of this Notice and warrants that the undersigned are all the persons who are a party to the credit transaction who have or may have an interest in the home at*_____
_[11481 Zirkle Lane, Broadway VA 22815]_____.

*Date* [November 08, 2007]_

*Consumer(s):*
x[Lora B. Conrad]_____
x[Steven J. Conrad]_____

*Confirmation*
*More than 3 business days have elapsed since the undersigned received this Notice, and Truth-in-Lending disclosures, with regard to this transaction. The undersigned certify that the transaction has not been rescinded.*

*Date* [November 14, 2007]_____

*Consumer(s):*
[Lora B. Conrad / Steven J. Conrad]_____

Routing: Original to Lender - Two Copies to Each Consumer

**DO NOT SIGN UNTIL 3 BUSINESS DAYS AFTER RECEIPT**

*(page 1 of 1)*

(Jt. Stip., Ex. F.) (emphasis in original).

2

Conrads to sign: one under the heading "receipt", acknowledging that the Conrads had received the disclosure form and another under the heading "confirmation", confirming that more than three business days had elapsed since the Conrads had received the disclosure form and they had not rescinded. The Conrads signed both the "receipt" and "confirmation" lines on November 8, 2007, but the "confirmation" section was postdated to November 14, 2007. (Jt. Stip., 2; Jt. Stip. Ex. F.) Conrad claims that FMB requested that he and his wife sign the confirmation at closing, although it is unclear from his pleadings and the parties' stipulations whether FMB had already postdated the signature line or whether the Conrads postdated their signatures at FMB's request.[4]

After the proceeds from the loan were used to satisfy the deeds of trusts from the two previous agreements, the remaining balance was given to Conrad's wife. (Jt. Stip. 2–3.) In April 2010, the Conrads defaulted on the note. (Jt. Stip. 3.) FMB then appointed a Substitute Trustee, who scheduled a foreclosure sale on the Conrads' home for April 30, 2010. (Id.) On April 29, 2010, two and a half years after completing the refinancing loan, Conrad, by counsel, mailed FMB a notice of rescission. Conrad then filed suit in this court asking for a declaratory judgment that he may rescind his loan because FMB failed to "clearly disclose the right of [Conrad] to rescind" and "failed materially to disclose the date of payments." (Jt. Stip. Ex. G, at 1.) FMB suspended the foreclosure sale and has moved under Rule 12(b)(6) to dismiss Conrad's suit.

## II.

Conrad maintains that FMB violated TILA by having him sign a postdated confirmation that he had not rescinded the refinancing transaction. FMB has moved to dismiss Conrad's claim under Rule 12(b)(6) because the practice of postdating right of rescission disclosure forms is prevalent in the industry and is not a violation of TILA. Whether the practice is prevalent in the

---

[4] All of the facts material to the determination of Conrad's right of rescission have been stipulated, with the exception of Conrad's claim that FMB requested him to sign the postdated "confirmation" section of the right of rescission disclosure form.

industry or not, the court agrees with the majority of courts that have concluded that the practice is inherently confusing to the average borrower. Therefore, the practice does not satisfy TILA's "clearly and conspicuously" disclosure requirement and the rescission period extends to three years. Accordingly, the court denies FMB's motion to dismiss.[5]

A borrower in a loan transaction subject to TILA may rescind or cancel the transaction within three days. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3).[6] A creditor must "clearly and conspicuously disclose" this right of rescission to the borrower. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1). If a creditor fails to do so, the rescission period extends from three days to three years. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). This "clearly and conspicuously" disclosure requirement is subject to an objective standard of review. See, e.g., Rand Corp. v. Moua, 559 F.3d 842, 845 (8th Cir. 2009). It applies "whether the borrower is a trained attorney or simply an individual who had a sudden need for additional funds." Rand Corp., 559 F.3d at 846 (quoting Wiggins v. AVCO Fin. Servs., 62 F. Supp. 2d 90, 94 (D.D.C. 1999)).

While a creditor need not give perfect notice, see, e.g., Larrabee v. Bank of Am., 2010 U.S. Dist. LEXIS 49810, at *13 (E.D. Va. May 20, 2010), it may not make disclosures that would mislead a reasonable borrower about his or her right of rescission. See Barnes v. Fleet Nat'l Bank, 370 F.3d 164, 174 (1st Cir. 2004) ("[A] misleading disclosure is as much a violation of TILA as failure to disclose at all.") (quoting Smith v. Chapman, 614 F.2d 968, 977 (5th Cir. 1980)). The right of rescission is not "clearly and conspicuously" disclosed when a creditor

---

[5] To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[6] This "cooling off period," gives a borrower an opportunity to "reconsider any transaction which would have the serious consequence of encumbering the title of his [or her] home." Rodash v. AIB Mortg. Co., 16 F.3d 1142, 1145 (11th Cir. 1994) (internal quotations and citation omitted); see also Adams v. Nationscredit Fin. Servs. Corp., 351 F. Supp. 2d 829, 834 (N.D. Ill. 2004).

requires a borrower to sign a postdated confirmation of non-rescission because "[t]he average borrower would be confused when instructed to certify a falsehood, and as to the effect of the falsehood." Rand Corp., 559 F.3d at 847.[7]

Here, Conrad has pleaded that FMB requested that the Conrads sign a postdated statement at the loan closing confirming that three business days had passed and that they had not rescinded. This practice, in the words of the Eighth Circuit, "is a paradigm for confusion[,]" id., and therefore fails to satisfy TILA's "clearly and conspicuously" disclosure requirement. Consequently, the court denies FMB's motion to dismiss Conrad's claim arising out of his postdated confirmation of non-rescission.

### III.

Conrad also claims that FMB violated TILA's disclosure requirements by describing the due date of the final loan payment as "[a]t maturity or until paid in full[,]" because that description failed to clearly disclose the final payment's due date. FMB has countered that contextually the disclosure would not confuse a reasonable borrower because it was reasonably understandable that the date of maturity, and thus the due date of the final loan payment, was thirty years from the month after the November 8, 2007 date of closing, which was the due date

---

[7] The court recognizes that there are varying results from other courts concerning the adequacy of particular right of rescission disclosures not involving postdated confirmations of non-rescission. Compare Smith v. Highland Bank, 108 F.3d 1325, 1327 (11th Cir. 1997), with Rodash, 16 F.3d 1146–47. However, most courts that have addressed facts similar to those here have found the TILA disclosure to be inadequate, resulting in the borrower having a three year rescission period. See, e.g., Daniels v. Equitable Bank, 2010 WL 4260600, at *2 (E.D. Wisc. Oct. 29, 2010); Travis v. Prime Lending, 2008 WL 2397330, at *2 (W.D. Va. June 12, 2008) ("If [the creditor] required [the borrower] to postdate his statement of nonrescission, . . . [the borrower] would have three years, not three days, to exercise his right to rescind the transaction."); Adams, 351 F. Supp. 2d at 834; Rodrigues v. Members Mortg. Co., 323 F. Supp. 2d 202, 209 (D. Mass. 2004) ("[T]he practice is particularly confusing because a reasonable borrower might not understand that despite signing the confirmation he still had the right to rescind in the three day cooling off period."); Wiggins, 62 F. Supp. 2d at 96 ("[I]t is readily apparent that [the postdating method] is so confusing as to preclude clear and conspicuous notice as required by TILA."). But see Contimortgage Corp. v. Dewalder, 2001 WL 884085, at *4 (Ohio Ct. App. July 30, 2001).

5

of the first payment: December 8, 2037. The court agrees and grants FMB's motion to dismiss on this ground.

In loan transactions subject to TILA, a creditor at closing must "clearly and conspicuously," 12 C.F.R. § 226.17(a)(1), disclose "[t]he number, amount, and due dates or period of payments scheduled to repay the total of payments[,]" 15 U.S.C. § 1638(a)(6); 12 C.F.R. § 226.18(g), to the borrower "in a reasonably understandable form." 12 C.F.R. § 226, Supp. I, cmt. 17(a)(1).[8] To satisfy this requirement, a creditor may list "the payment due dates," specify a "period of payments" schedule, see 12 C.F.R. § 226, Supp. I, cmt. 18(g)(4)(I), or use both methods together to differentiate between the monthly payment schedule and the separate final payment. See 12 C.F.R. 226.23, app. H-12. This requirement is evaluated objectively; the court determines, in the words of the Court of Appeals for the First Circuit, whether a reasonable borrower, or "a hypothetical average [borrower] . . . who is neither particularly sophisticated nor particularly dense[,]" would be confused about the timing of the payments. Palmer v. Champion Mortg., 465 F.3d 24, 28 (1st Cir. 2006) (citing Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327–28 (7th Cir 1999)). Thus, the understanding of a particular borrower is inconsequential. See Tenney v. Deutsche Bank Trust Co., 2009 WL 415510, at *3 (D. Mass. Jan. 26, 2009) (citing Palmer, 465 F.3d at 28).

The challenged disclosure here described the payment schedule as 359 monthly payments beginning one month after closing and one payment due "[a]t maturity or until paid in full[.]" A reasonable borrower would not be confused by the use of the "[a]t maturity or until paid in full" language because it was reasonably understandable that it referred to December 8, 2037. This disclosure form came as part of a thirty-year loan, with payments commencing one month after

---

[8] If a creditor fails to make a required disclosure under TILA, the borrower has the right to rescind the transaction for three years. 15 U.S.C. § 1635(f)(3); Hubbard v. Ameriquest Mortg. Co., 624 F. Supp. 2d 913, 919 (N.D. Ill. 2008).

the November 8, 2007 loan closing (December 8, 2007), and once the loan closed, the date of maturity, that is the date the debt is due, BLACK'S LAW DICTIONARY 423 (8th ed. 2004), was fixed. Because the average or reasonable borrower would not read a single description out of context, as Conrad's argument requires, but rather would read the description within the context of a thirty-year loan agreement calling for 360 payments commencing one month after closing, the court finds that the disclosure suffices. Were the court to find otherwise, the court would be demanding the type of hyper-technical compliance with TILA the Fourth Circuit has eschewed. See Am. Mortg. Network, Inc., 486 F.3d at 819 n.4.[9]

Because a reasonable borrower would understand when his final payment was due, the court finds that Conrad has failed to state a plausible claim that FMB violated this particular disclosure requirement and, therefore grants FMB's motion to dismiss the claim.

## IV.

For the reasons stated above, the court denies FMB's motion to dismiss Conrad's claim that FMB failed to clearly and conspicuously disclose the Conrads' right of rescission and grants FMB's motion to dismiss Conrad's claim that FMB failed to disclose the timing of the Conrads' final payment.

**ENTER:** January 31, 2011.

UNITED STATES DISTRICT JUDGE

---

[9] Although "the provisions of [TILA] and the regulations implementing it [must] be absolutely complied with and strictly enforced[,]" Mars v. Spartanburg Chrysler Plymouth, Inc., 713 F.2d 65, 67 (4th Cir. 1983), TILA's requirements should also be "reasonably construed and equitably applied." Am. Mortg. Network, Inc. v. Shelton, 486 F.3d 815, 819 n.4 (4th Cir. 2007). Perfect notice is not required. See id.; Larrabee, 2010 U.S. Dist. LEXIS 49810, at *12–14; Watkins v. Suntrust Mortg., 2010 WL 2812910, at *8 (E.D. Va. July 15, 2010). The Fourth Circuit has rejected the kind of hyper-technical compliance some other courts demand. See Larrabee, 2010 U.S. Dist. LEXIS 49810, at *3 (noting that other federal circuits employ a standard of hyper-technicality).