CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 04 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| STEVEN J. CONRAD, | Civil Action No. 5:10cv00047 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| FARMERS AND MERCHANTS BANK, | By: Samuel G. Wilson |
| Defendant. | United States District Judge |

This is an action by plaintiff, Steven J. Conrad ("Conrad"), against defendant, Farmers and Merchants Bank ("FMB") pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), seeking a declaratory judgment that he is entitled to rescind a mortgage loan refinancing agreement years after the loan closed. In a prior memorandum opinion, the court found that Conrad had stated a plausible claim for rescission under TILA based on a postdated right to rescission form signed by Conrad and his ex-wife, Lora Conrad, at closing.

In order to rescind under TILA, Conrad must tender the additional funds he received from the refinancing transaction and the prior loans secured by Conrad's home would have to be reinstated, restoring the parties to their previous positions. (See Pl.'s Mem. Opp'n Summ. J. 10–13, ECF No. 42.) Lora Conrad, however, was the sole debtor under two prior deeds of trust that the refinancing transaction replaced, and it is clear to the court that it cannot reimpose those obligations without her consent or presence in this lawsuit. FMB has moved for summary judgment because Conrad is unable to tender the additional funds he received from the refinancing transaction and because rescission will not restore the parties to their previous positions. Conrad has moved for a voluntary dismissal without prejudice so that he may re-file his claim, adding Lora Conrad as a defendant. The court will grant Conrad's request to dismiss

his claim without prejudice on the condition that he pay the costs, expenses and attorney's fees incurred by FMB in this action. Otherwise the court will dismiss Conrad's complaint with prejudice under Federal Rule of Civil Procedure ("Rule") 19, as the court cannot grant an appropriate rescissionary remedy under TILA without the presence or cooperation of Lora Conrad.

I.

The court's earlier memorandum opinion spells out the underlying facts of this case, so the court only briefly summarizes them here. The Conrads, who are now divorced, own a personal residence in Broadway, Virginia that was initially secured by two deeds of trust in favor of FMB. Lora Conrad was the sole debtor under the previous deeds of trust. In 2007, the Conrads entered into a refinancing credit transaction with FMB which the parties agree is subject to TILA. This refinancing agreement replaced the two previous deeds of trust secured by Conrad's house. Over two years after closing, FMB began foreclosure proceedings against Conrad. On April 29, 2010, Conrad sent FMB a letter purporting to rescind the refinancing transaction, and he filed his initial complaint in this court that same day. Conrad filed an amended complaint on July 28, 2010 seeking a declaratory judgment that he is entitled to rescind. Conrad's amended complaint claims that FMB violated TILA by having him and his now ex-wife sign a postdated right to rescission form at the loan closing[1] and represents that Lora Conrad will cooperate in his efforts to rescind. It is now clear, however, that she will not cooperate. Meanwhile, Conrad continues to occupy the residence without paying either the obligation secured by the current deed of trust or the obligations the current refinancing agreement and deed of trust replaced.

---

[1] The court found that the mandated signature of a postdated right to rescission form violated TILA by failing to provide clear and conspicuous notice of the borrower's right to rescission and denied FMB's motion to dismiss. (ECF No. 34.)

2

At the hearing on FMB's motion for summary judgment, the court granted Conrad one week to tender full payment of the new amount financed in the challenged refinancing transaction. The court also noted, however, that without Lora Conrad's cooperation or presence as a party, the court could not, consistent with due process, reinstate her obligations as they existed before the challenged refinancing transaction. Conrad tendered $5,744.00, an amount he claims to be sufficient tender under TILA, by placing it in an escrow account in his attorney's name, and he claims that the court does not need Lora Conrad's presence to restore the parties to the *status quo ante*. In the alternative, though discovery is complete and trial is set to commence in three weeks, Conrad moves for voluntary dismissal without prejudice so that he may re-file his claim in state court, adding Lora Conrad as a party. FMB opposes Conrad's motion for voluntary dismissal, claiming that it would be prejudiced by essentially restarting the litigation.

## II.

Conrad seeks the equitable remedy of rescission.[2] Because the mortgage Conrad seeks to rescind is a refinancing agreement, rescission would essentially return the parties – Conrad, his ex-wife, and FMB – to their positions before entering into the current loan agreement.[3] That is, if the right to rescission is actually available to Conrad, he would have no obligation because he was not an obligor under the two previous loan agreements, and his ex-wife, Lora Conrad, would have the two previous loan agreements and deeds of trust reinstated. But, Lora Conrad is not a party to this proceeding; Conrad purposely did not seek to join her; and she, understandably, is

---

[2] The Fourth Circuit has recognized the right to rescission under TILA as equitable relief. See Am. Mortg. Network, Inc. v. Shelton, 486 F.3d 815, 819 (4th Cir. 2007). See also Duren v. First Gov't Mortg. & Investors Corp., 2000 U.S. App. LEXIS 15469, at *5 (D.C. Cir. June 7, 2000) ("Although TILA statutorily grants the right to rescind, rescission nevertheless remains an equitable remedy.") (citation omitted).

[3] In refinancing agreements which grant the borrowers "new money", a borrower may only rescind the "new money" portion of the agreement and will still be encumbered with the previously owed portion of the debt, or the "old money" portion. See 12 C.F.R. § 226.23(f)(2); In re Porter, 961 F.2d 1066, 1074 (3d Cir. 1992). Thus, when a borrower rescinds a refinancing agreement, rescission merely returns the parties to the *status quo ante*. See in re Porter, 961 F.2d at 1074.

not willing to cooperate with Conrad's attempt to rescind. Under the circumstances, it appears clear to this court that Lora Conrad is indispensible to the just adjudication of this case. The court cannot grant relief that is truly equitable and consonant with due process without Lora Conrad's presence or agreement. Nor could the court shape a rescission of the refinancing mortgage to avoid prejudice to Lora Conrad. See Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 441–42 (4th Cir. 1999) (finding that the court could not tailor a remedy to avoid prejudice and that any remedy would be prejudicial to the absent parties).

"Rule 19(a) requires [this court] to join any person who is necessary to effect 'complete relief,' where such joinder is feasible." Jota v. Texaco, Inc., 157 F.3d 153, 162 (2d Cir. 1998). If the court determines that such a party cannot be joined, then the court must determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In making this determination, the court should look to the factors set out in Rule 19(b).[4]

Here, the court cannot restore the parties to the *status quo ante* without Lora Conrad, although Conrad claims that he is entitled to rescind unilaterally and that Lora Conrad's

---

[4] Rule 19(b) sets out the four factors to be considered in determining whether the court should proceed without the absent party or should dismiss the suit. See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 110 (1968). These factors are

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by . . . protective provisions in the judgment[,] shaping the relief; or other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FED. R. CIV. P. 19(b). An evaluation of these factors shows that the court should dismiss the case rather than proceeding without Lora Conrad. A judgment entered in her absence would prejudice her and the court cannot fashion a judgment returning the parties to the *status quo ante* which would not affect Lora Conrad. Because the court cannot re-impose Lora Conrad's prior mortgages on her, no judgment rendered in her absence would be adequate. While Conrad may not have an adequate remedy if this case is dismissed, this interest does not outweigh the prejudice that would be caused to Lora Conrad, especially given Conrad's choice to not to include his ex-wife in the case.

cooperation or presence is unnecessary.[5] Noting the court's view on the necessity of his ex-wife's presence, Conrad moves for a voluntary dismissal to permit him to re-file his claim in state court and add her as a defendant. Of course, Conrad's motion comes approximately one year after filing his case and shortly before trial. In the past year, the court heard argument on FMB's motions under Rules 12(b)(6) and 56, and issued a memorandum opinion finding that Conrad had stated a plausible claim for relief. Lora Conrad would not be bound by the court's prior decision, see Provident Tradesmens Bank & Trust Co., 390 U.S. at 110 ("[A] judgment is not *res judicata* as to, or legally enforceable against, a nonparty."), and would have her own opportunity to pursue discovery. Under the circumstances, it is clear to the court that Conrad's request necessarily prejudices FMB, causing undue delay and significant expense. Indeed, Conrad has been living in the house making no payments under the current or previous mortgages for at least a year, while the costs, expenses, and attorneys fees associated with this litigation continue to mount. At this late stage in the litigation, the court finds that it is not feasible for Conrad to join Lora, and, taking the factors set forth under Rule 19(b) into account, the court cannot, "in equity and good conscience," proceed without her.

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." Here, the court finds it proper for Conrad to pay FMB's costs, expenses and attorney's fees as a condition to voluntary dismissal. If he fails to pay, then the court will deny Conrad's motion and dismiss his complaint with prejudice

---

[5] While it is true that one party to a transaction may unilaterally rescind, see 12 C.F.R. § 226.23(a)(4), the court still does not have the ability to declare the rights and obligations of absent parties and must equitably apply TILA's provisions. See Am. Mortg. Network, Inc., 486 F.3d at 819 n.4.

5

because the court cannot provide the equitable remedy of rescission without Lora Conrad's presence, agreement or cooperation.[6]

### III.

In accordance with the court's memorandum opinion, the court will order FMB to submit its costs, expenses and attorney's fees to the court. The court will review FMB's submission and provide Conrad with an amount that he must pay FMB as a condition to a voluntary dismissal without prejudice.

**ENTER:** April 7, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[6] Even with Lora Conrad's presence, an equitable, rescissionary remedy may remain elusive.

6