CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 17 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| STEVEN J. CONRAD, | ) |
| Plaintiff, | ) Civil Action No. 5:10cv00047 |
| v. | ) MEMORANDUM OPINION |
| FARMERS AND MERCHANTS BANK, | ) |
| Defendant. | ) By: Samuel G. Wilson<br>) United States District Judge |

This is an action by plaintiff, Steven J. Conrad, against defendant, Farmers and Merchants Bank ("FMB") under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), seeking a declaratory judgment that he is entitled to rescind his mortgage loan refinancing agreement with FMB and return the parties to the *status quo ante* in which his ex-wife, Lora Conrad, was the sole obligor under two deeds of trust. The court informed Conrad that without Lora Conrad's cooperation or presence as a party, the court could not, consistent with due process, reinstate her obligations as they existed before the challenged refinancing transaction. Then, almost a year into the litigation, after the close of discovery, and with a motion for summary judgment pending and a possible trial a month away, Conrad moved for voluntary dismissal without prejudice of his TILA claim so that he could re-file and add his ex-wife, Lora Conrad, as a defendant. On April 7, 2011, this court issued a memorandum opinion deciding that, pursuant to Federal Rule of Civil Procedure ("Rule") 41, it would grant Conrad's motion for voluntary dismissal without prejudice if he paid FMB's costs and reasonable attorney's fees. Conrad v. Farmers & Merchants Bank, 2011 WL 1327356, at *3 (W.D. Va. April 7, 2011). Conrad has moved for reconsideration, and it has since become apparent that the only appropriate course of action at this juncture is to dismiss Conrad's TILA claim with prejudice.

I.

FMB has submitted evidence that it has incurred more than $50,000 in attorney's fees.[1] In a motion for reconsideration, Conrad has represented to the court that he could pay no more than $7,577. (Pl.'s Mem. Mot. Recons. 3.)[2] Meanwhile, Conrad has been living in the house making no payments under the current or previous mortgages for well over a year, while the costs, expenses, and attorney's fees associated with this litigation continue to mount, and his concept of an equitable remedy would be to drag his ex-wife into court and impose the previous mortgages on her.

II.

It is apparent to the court that reasonable attorney's fees here surpass the $7,577 Conrad represents he could pay, and that Conrad cannot meet the conditions for voluntary dismissal the court has imposed. The court has also since concluded that it improvidently considered Conrad's motion for voluntary dismissal.

Under Rule 41, an already-answered complaint "may be dismissed at the plaintiff's request only upon order of the court, on terms the court considers proper." FED. R. CIV. P. 41. "A court may condition a voluntary dismissal without prejudice on the payment of the nonmoving party's attorney's fees and costs in the litigation." Best Indus., Inc. v. CIS BIO Int'l, Inc., 1998 WL 39383, at *2 (4th Cir. Feb. 2, 1998) (citing Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987)). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." Davis, 819 F.2d at 1273. To calculate "the amount of fees and costs to be awarded, the district court must first determine that

---

[1] The facts underlying Conrad's complaint are set out at greater length in the court's two previous opinions. See Conrad, 2011 WL 1327356; Conrad v. Farmers & Merchants Bank, 762 F. Supp. 2d 843 (W.D. Va. 2011).

[2] The court notes that while Conrad's memorandum in support of his motion for reconsideration states that he could pay up to $7,577, his actual motion requests that the court not impose costs and attorney's fees greater than $5,744. For purposes of this opinion, the court assumes that Conrad could pay the higher amount.

2

the fruits of the work attributable to the fees cannot be carried over to another action." Best Indus., Inc., 1998 WL 39383, at *2.

The court has reviewed FMB's expenditures for fees and costs to date in an effort to discern an amount likely to be incurred in the future when Conrad re-files. With the addition of a new defendant, much of the effort already expended by FMB's attorneys may have to be duplicated, although some of their work may be reused. Even under the best of circumstances, predicting duplicative and additional attorney's fees where the same parties will be litigating the same or similar claims in the future can be a difficult undertaking. The addition of a party who may be, or is even likely to be, adverse to her ex-husband's request for rescission brings further unpredictability to the court's inquiry and the court lacks the clairvoyance necessary to make a clear prediction of the additional fees FMB will incur in future litigation. However, after reviewing FMB's submission,[3] the court has determined that FMB would reasonably incur in excess of $7,577 in duplicative costs and attorney's fees if the case were to be re-litigated with an additional party. Therefore, because it is apparent that Conrad cannot comply with the conditions imposed by the court pursuant to Rule 41, the court denies Conrad's motion for voluntary dismissal.

In its prior memorandum opinion, the court explained that it could not "grant relief that is truly equitable and consonant with due process without Lora Conrad's presence or agreement." Conrad, 2011 WL 1327356, at *2. Therefore, the court held that if Conrad failed to comply with the conditions imposed by the court in granting his motion for voluntary dismissal, "the court [would] deny Conrad's motion and dismiss his complaint with prejudice because the court cannot provide the equitable remedy of rescission without Lora Conrad's presence, agreement or

---

[3] A condition requiring the payment of costs is imposed as a matter of course in most cases. Davis, 819 F.2d at 1273.

3

cooperation." Id. at *3. It has become apparent that Conrad is unable to comply with the conditions imposed by the court. Therefore, because the court cannot grant an equitable remedy affecting Lora Conrad's rights without her presence, cooperation or agreement, Conrad's claim for equitable relief under TILA is dismissed with prejudice.

## IV.

For the reasons stated herein, Conrad's motion for voluntary dismissal without prejudice is denied, and for the reasons set forth in the court's prior opinion, Conrad, 2011 WL 1327356, at *2 (W.D. Va. April 7, 2011), the court dismisses Conrad's claim for rescission under TILA with prejudice. Conrad's state law claims are dismissed without prejudice.[4]

**ENTER:** June 17, 2011.

UNITED STATES DISTRICT JUDGE

---

[4] Conrad also raised two state law claims against FMB under the court's supplemental jurisdiction, 28 U.S.C. § 1367. The court dismissed both of Conrad's federal claims, the parties are not diverse, and the court finds that it would no longer be prudent to exercise supplemental jurisdiction over Conrad's state law claims.